IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Callie M. Gooding, ) | C/A No. 6:08-855–CMC–WMC |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge William M. Catoe, which was filed on June 2, 2009, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

For the reasons set forth below, the court adopts the Report in part and remands the matter to the Commissioner for further proceedings. The court declines to adopt that portion of the Report which recommends that this court reverse the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and direct that Plaintiff be awarded benefits.

## I. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject,

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. REPORT AND OBJECTIONS

The Report recommended that the Commissioner's decision be reversed under sentence four

of 42 U.S.C. § 405(g), and that the court direct that Plaintiff be awarded benefits. *See* Report at 18. The Government objects to the Report's finding that substantial evidence does not support the Commissioner's decision and asks the court to affirm the Commissioner's decision. Alternatively, the Government argues that the court remand the case, without a directive to award benefits, for further proceedings to allow a mental health professional to evaluate whether Plaintiff satisfies Listing 12.05C.

### III. DISCUSSION

The circumstances presented in this case do not, in the undersigned's opinion, rise to the level necessary to justify outright reversal. *See, e.g.*, *INS v. Ventura*, 537 U.S. 12, 16 (2002) (stating that, when a court sitting in an appellate capacity reverses an administrative agency decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (quoting *Florida Power & Light Co., v. Lorion*, 470 U.S. 729, 744 (1985)); *Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984) (reversal for immediate payment of benefits is appropriate only when "uncontroverted evidence" reveals that the claimant is disabled).

The Report recommends that the court reverse the Commissioner's decision and award Plaintiff benefits based on Listing 12.05C, impairment based on mental retardation. In order to qualify for a finding of impairment under 12.05C, Plaintiff must satisfy three requirements: (1) a valid IQ score between 60 and 70; (2) a physical or other mental impairment imposing additional and significant work-related limitation of function; and (3) deficits in adaptive functioning initially manifested during the developmental period (onset before age 22). *See* 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00A. As explained in the Report, substantial evidence supports a finding that Plaintiff meets the first two requirements. However, substantial evidence does not support a finding that Plaintiff does not meet the third requirement regarding deficits in adaptive functioning. The ALJ

3

relied on the fact that an evaluating psychologist did not make a diagnosis of mental retardation as evidence that Plaintiff had no deficits in adaptive functioning. In light of the substantial evidence that the first two requirements of Listing 12.05C are met, and the absence of a mental health professional's specific opinion as to the third requirement, the court finds remand appropriate to further develop the record.

## IV. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge except as to the recommendation that the court direct an award of benefits. The matter is remanded for further proceedings sufficient to evaluate whether Plaintiff satisfies Listing 12.05C.

**IT IS SO ORDERED.**

      s/ Cameron McGowan Currie
      CAMERON MCGOWAN CURRIE
      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 6, 2009